UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

E.A.I.R.,

Petitioner,

v.

MINGA WOFFORD, in official capacity, Facility Administrator of Mesa Verde Ice Processing Center; SERGIO ALBARRAN, in official capacity, Field Office Director of ICE's San Francisco Field Office; TODD M. LYONS, in official capacity, Acting Director of ICE; MARKWAYNE MULLIN, in official capacity, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, in official capacity, Acting Attorney General of the United States,

Respondents.

No. 1:26-cv-03339-KES-SAB (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner E.A.I.R. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 3. The Court has previously addressed the legal issues raised by count one of the petition. *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366

1

(E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 5.  Respondents argue that "[t]he Court should distinguish this case from its prior decisions because Petitioner's violations of his program of supervision indicated that he posed too much of a flight risk to remain out of custody."  Doc. 6 at 1.  Respondents assert that petitioner violated the terms of his supervision by "fail[ing] two home visits."  *Id.* at 2.  But respondents do not dispute that, after the alleged home visit failures, petitioner appeared at ICE's office as required, and that ICE detained petitioner only when he appeared as directed for a check-in.  Respondents do not identify any other distinctions between this case and the Court's prior decisions, and they do not raise any new arguments.

While the alleged violations may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate his due process right to such a determination.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).  Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation, rather than a pre-deprivation, hearing.  *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency.") (internal quotations omitted).  Respondents do not identify any urgent concerns that would warrant a post-deprivation, rather than pre-deprivation, hearing in this case.

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C.*, 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and

*Marina V.N. v. Robbins*, 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to count one for the reasons addressed in those prior orders.[1]

Respondents are ORDERED to release petitioner E.A.I.R. immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[2]

The Clerk of Court is directed to terminate the pending motion for a temporary restraining order (Doc. 3) as moot, close this case, and enter judgment for petitioner.  The Clerk is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    June 9, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on count one.

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3